IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ANGENETTE P.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:21cv213 (RCY) |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 18) from United States Magistrate Judge Lawrence R. Leonard filed on June 30, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses Defendant's Motion to Dismiss for Lack of Prosecution (ECF No. 12), which Defendant filed with a *Roseboro* Notice,[2] (ECF No. 14) on August 17, 2021. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 19, 20). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] "[B]efore summary judgment may be granted against a pro se party for failure to substantiate his claims, he must be given notice of his right to file counter-affidavits and other relevant materials and informed that his failure to do so might result in dismissal of his case." *Pledger v. Lynch*, 5 F.4th 511, 516 (4th Cir. 2021).

§ 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the procedural history of this matter. (R&R at 1-2, ECF No. 18.) Plaintiff brought this matter *pro se* pursuant to Title II the Social Security Act (the "Act") after a denial of her application for disability insurance benefits. (*Id.* at 1); s*ee* 42 U.S.C. § 405(g). The Court "granted Plaintiff's motion to proceed *in forma pauperis*, and she filed her complaint on April 20, 2021." (R&R at 1.) Defendant filed an answer on June 28, 2021. (*Id.*) On June 29, 2021, the Magistrate Judge entered an order directing Plaintiff to file a motion for summary judgment by July 29, 2021. (*Id.*) Plaintiff failed to do so, despite a show cause order on September 16, 2021, (ECF No. 15) and a thirty-day extension granted on October 25, 2021. (ECF No. 17.) When the Magistrate Judge filed his R&R on June 3, 2022, recommending Defendant's Motion to Dismiss be granted, Plaintiff had not yet filed her motion for summary judgment, one year after the Court first ordered her to file it.

On June 9, 2022, Plaintiff filed her Objection to the Magistrate Judge's R&R. (Obj., ECF No. 19.) Plaintiff sets forth her Objection as: "I want to appeal the decision made on this case due to illness." (Obj. at 1, ECF No. 19.)

Defendant disagrees with the Objection. In her response, Acting Commissioner Kijakazi contends first that the Plaintiff has not properly objected, and so the Court must only review for clear error. (Resp. to Obj. at 1-2, ECF No. 20.) Defendant further argues that the "court is vested with the discretion to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) when, *inter*

*alia*, there is a failure to prosecute the case or comply with a court order." (*Id.* at 2). Defendant points out that, despite a show cause order and an extension of time, Plaintiff has still not filed her motion for summary judgment. (*Id.* at 2-3.)

To invoke de novo review of a portion of a magistrate judge's decision by a district court judge, a party must make "specific written objection[s]." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) ("In the absence of a specific written objection, [a] district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review."); *see also* FED. R. CIV. P. 72(b)(2) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court reviews for clear error those parts of the R&R that have not been objected to or to which only "general and conclusory objections have been made." *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (internal quotations omitted).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action." It is within the inherent authority of a district court to dismiss a case for failure to prosecute. *U.S. ex rel. Curnin v. Bald Head Island Ltd.*, 381 Fed. App'x. 286, 287 (4th Cir. 2010). While *pro se* defendants are not held to the same standard as attorneys, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible," including Federal Rule of Civil Procedure 41(b). *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

Having reviewed the record, Plaintiff's Objection, and the Magistrate Judge's R&R, the Court finds that the Magistrate Judge applied the proper standard and correctly recommended that Defendant's Motion to Dismiss (ECF No. 12) be granted. Accordingly, Plaintiff's Objection will

be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 18). Defendant's Motion to Dismiss (ECF No. 12) will be granted, and Plaintiff's Complaint (ECF No. 3) will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/ Rcy
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  September 1, 2022